Ralph PUGH, Jr., Plaintiff–Appellant,

v.

DEPARTMENT OF THE AIR FORCE, Air University (AETC), John R. Edwards, in his capacity as Chief, Instructor Management Section, Department of the Air Force (AETC), Board of Education, Brentwood Union Free School District, Defendants–Appellees.

No. 01–6026.

United States Court of Appeals, Second Circuit.

Dec. 10, 2001.

Ralph Pugh, Jr., Central Islip, NY, pro se.

Philip J. Miller, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, Eastern District of New York, Varuni Nelson, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellees.

Present JOHN M. WALKER, JR., Chief Judge, JACOBS, SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Ralph Pugh, Jr., sued the Department of the Air Force and John R. Edwards in his capacity as Chief of the Instructor Management Section of the Air Force Junior Reserve Officer Training Corps (AFJROTC) alleging that they wrongfully declared him ineligible to return to his AFJROTC position, effectively terminating his employment by the Brentwood Union Free School District.[2] After a bench trial, the district court ruled on November 16, 2000, that Pugh failed to establish that he was entitled to any relief, analyzing Pugh's claims under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06. Pugh appeals.

Pugh retired from the United States Air Force as a Senior Master Sergeant and worked from June 1993 to June 1997 as an

---

2. Pugh also initially sued the Brentwood Union Free School District Board of Education but stipulated to a dismissal of those claims with prejudice in July 1999.

AFJROTC Assistant Aerospace Science Instructor at Brentwood High School. On March 13, 1997, Edwards approved Pugh's request for a one-year sabbatical leave to pursue a Master of Science in Education degree after the school district had also approved the request. In April 1997, Pugh received his annual evaluation by his supervisor, Colonel John C. Quandt, U.S.A.F. (Ret.). The evaluation rated Pugh as "Poor" in Supervisory/Employee Relations. After Pugh unsuccessfully appealed his evaluation, the Air Force informed him that he was probationally certified and that his continued certification depended on raising his evaluations to satisfactory levels. The Air Force also informed Pugh by a letter dated June 9, 1997, that his probational certification canceled his sabbatical authorization and that if he resigned while probationally certified, he would not be eligible for further employment as an AFJROTC instructor. In September 1997, Pugh enrolled in a graduate program and did not return to his AFJROTC position. In April 1998, Pugh received a letter from the school district stating that its records indicated that he was no longer certified by the Air Force as an AFJROTC instructor and informing him that the lack of certification terminated his employment with the school district.

This court reviews a district court's decisions on claims of violations of the APA *de novo*. *Ward v. Brown*, 22 F.3d 516, 521 (2d Cir.1994). Administrative decisions are reviewed to determine whether they are arbitrary and capricious; in addition, administrative decisions by the military are reviewed with increased deference because of the military context. *Falk v. Secretary of the Army*, 870 F.2d 941, 944–45 (2d Cir.1989). The Air Force's decisions in this case were neither arbitrary nor capricious. In a letter appealing his poor evaluation, Pugh acknowledged that if his appeal of that evaluation was unsuccessful he would be placed on probational

status and his sabbatical would be canceled. The Air Force applied clearly stated rules fairly in this case.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

